UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SELENA POOLE, | ) | |
| | ) | Case No. 19-cv-2493 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| INDIA WINBUSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Selena Poole has brought a first amended complaint alleging a civil rights conspiracy claim under the equal protection clause against defendants Wayne and Alice McClelland and their attorney India Winbush. *See* 42 U.S.C. § 1985(3). Poole also brings state law claims based on defendants' actions in domestic relations court. Before the Court are defendants' motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. On September 11, 2020, he Court heard oral arguments on the motions to dismiss. After reviewing the briefs and considering the oral arguments, the Court grants defendants' motions.

**Background**

Construing her pro se allegations liberally, *Taylor v. JPMorgan Chase Bank*, 958 F.3d 556, 562 (7th Cir. 2020), Poole alleges she was harmed as a result of a family law matter litigated in the Circuit Court of Cook County, Domestic Relations Division, concerning her minor daughter A.M.M. Poole has had sole custody of A.M.M. since 2005. She alleges that defendant Wayne McClelland, the father of A.M.M., and his wife Alice McClelland, had a relationship with A.M.M. starting sometime in 2017. Poole's allegations explain the ups and downs of Wayne's relationship with A.M.M., including issues concerning child support modification and parenting time.

In May 2018, Poole relocated to Arizona for job training and A.M.M. stayed in Illinois with

her paternal grandmother to finish the academic school year. During June 2018, there were disputes whether A.M.M. would have overnight visits with the McClellands. On June 13, 2018, defendant Winbush, Wayne's attorney, filed an emergency motion to change A.M.M's residential parent to Wayne. Thereafter, the state court judge granted Wayne's request for temporary parental responsibility. Nonetheless, on June 25, 2018, the judge ruled that A.M.M. should be returned to Poole's custody. In January 2019, the state court judge granted Poole's petition for relocation.

Poole alleges that during the state court proceedings, attorney Winbush made numerous false statements and misrepresentations to the court. Further, Poole states that she filed a complaint with the Illinois Attorney Registration and Disciplinary Commission against Winbush.

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Bultasa Buddhist Temple of Chicago v. Nielsen,* 878 F.3d 570, 573 (7th Cir. 2017). When "external facts call the court's jurisdiction into question," the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Taylor*, 875 F.3d at 853 (citation and quotation marks omitted).

**Discussion**

Because subject matter jurisdiction is a threshold question in all federal lawsuits, the Court turns to Poole's federal question conspiracy claim brought under 42 U.S.C. § 1985(3). It is well-established that "[t]he function of § 1985(3) is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009). In addition, "for a

private actor to act under color of state law he must have 'had a 'meeting of the minds' and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren County, Ill.*, 830 F.3d 464, 468 (7th Cir. 2016) (citation omitted).

Here, all of the defendants are private actors – not government officials – and thus were not acting under the color of state law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). Also, a lawyer representing a private actor, such as Winbush, is not a state actor. *Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007). On this basis, Poole's constitutional claim lacks merit because no state actors were involved in the alleged civil rights conspiracy.

Even if one or more of the defendants were a state actor, Poole cannot establish her conspiracy claim. To establish a civil rights conspiracy, a plaintiff must show: "(1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of [the] equal protection of the laws; (3) an act in furtherance of a conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *McCurry v. Kenco Logistics Servs., LLC,* 942 F.3d 783, 790 (7th Cir. 2019) (citation omitted). "To satisfy the second element, the complaint must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Kowalski v. Boliker,* 893 F.3d 987, 1001 (7th Cir. 2018) (citation omitted).

Poole fails to make any allegations that defendants deprived her of the equal protection of the laws. Specifically, she does not assert that the defendants targeted her because of her membership in a protected class, such as her race. Instead, Poole's allegations concern a family dispute in state court that she initiated. *Word v. City of Chicago*, 946 F.3d 391, 396 (7th Cir. 2020) ("In a protected-class equal protection analysis, a plaintiff must show that 'defendants acted with a nefarious discriminatory purpose and discriminated against him based on his membership in a definable class.'") (citation omitted). Accordingly, Poole's equal protection conspiracy claim fails as a matter of law, and thus the Court does not have federal question subject matter jurisdiction.

Poole's state law claims concern custody and child support issues that took place in domestic relations court concerning her daughter. The Court does not have jurisdiction to consider any such claims because they are barred by the domestic-relations exception to federal jurisdiction, which divests federal courts of power to hear divorce, alimony, and custody matters. *See Ankenbrandt v. Richards,* 504 U.S. 689, 692, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Specifically, adjudicating plaintiff's claims arising from the domestic relations proceedings would require the Court to re-evaluate the merits of those proceedings – a task this Court does not have jurisdiction to do. *Zawistowski v. Kramer,* ___ Fed.Appx. ___, 2020 WL 5362043, at *2 (7th Cir. Sept. 8, 2020). Moreover, Poole, who was represented by counsel, prevailed in state court. She admits her daughter was returned to her custody in June 2018 and the domestic relations judge granted her petition for relocation to Arizona in January 2019.

Turning to diversity jurisdiction, the Court agrees with Poole that the parties are domiciled in different states, namely, Illinois and Arizona. *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014) ("Citizenship means domicile (the person's long-term plan for a state of habitation) rather than just current residence."). Nonetheless, Poole has failed to establish the threshold amount-in-controversy of $75,000 because she prevailed in state court, therefore, she was not harmed in the first instance. As such, the Court does not have subject matter jurisdiction to consider her claims.

**Conclusion**

For the foregoing reasons, the Court grants defendants' Rule 12(b)(1) motions to dismiss [20, 25]. Civil case terminated.

IT IS SO ORDERED.

Date: 9/16/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge